Curia, per

O’Neall, J.
In Porteous vs. Snipes, 1 Bay, 220, it is said, as settled law, that upon a dissolution of an injunction in Chancery, the plaintiff in execution has the right to pursue his remedy on the judgment or to resort to the injunction bond.
In Gibbes vs. Mitchell, 2 Bay, 122, the language is still stronger. In that case the .Judges say. “With respect to the operation of the injunction out of Chancery, it did not alter or vary the right of the plaintiff in the least, for the moment it was dissolved, it left the cause exactly in the same situation where it found it.” If this be true, and I do not doubt its correctness, it is difficult to conceive how the junior executions can claim the proceeds of a sale made after the defendant in execution consented to dissolve his injunction, and the court at a subsequent period made the order of dissolution. It seems that, anciently, the Courts of law did not notice injunctions in Equity. In later times the rivalry between law and equity has ceased to exist, and the courts of law, when necessary, take notice of injunctions. In doing so, and allowing them to have full effect, care has been taken to prevent the party enjoined from sustaining injury. “It has been determined,” says Eden (in his work on Injunctions, 93,) “contrary to former cases, that where a plaintiff has been restrained by injunction for a year, from taking out execution, he may do so without scire facias.” The same principle is affirmed in Gibbes vs. Mitchell, and in that case the court held that as the sheriff had levied before injunction, that he had the right, the moment it was dissolved, to sell under the levy, although he might, in the mean time, have gone out of office. These authorities so fortify the right of the plaintiffs in the older executions to be remitted, on the dissolu *145 tion, to their precise situation before it was granted, that it would be unnecessary to do more than to shew the entries of their executions in the sheriff’s office to entitle them to the money, were it not for the case of Mitchell vs. Anderson, 1 Hill, 69, which it is supposed has made such an exception to the rule, as .will entitle the junior executions to receive the money in the sheriff’s hands. I think, however, that case will not sustain such a claim. It decided, that an injunction while in force suspended the lien of an older Ji fa. so that the sheriff might execute the junior and pay over the proceeds of a sale to it. But when stated thus generally it was not intended to apply to all cases where chancery ordered injunctions to stay proceedings, at law. Its application depended in each case upon the inquiry whether in point of fact a bond had been ordered to be entered into, to pay the plaintiff’s debt, interest and costs, as a substitute for the deposit of the money in court. In this case it might be enough to say the junior executions have not shewn that such a bond was ordered. But taking it for granted, that after the injunction it must prima facie be held that the bond was executed, still I think the senior executions are entitled to the avails of the sale.
The reasoning of my brother (Chancellor Harper) on which his opinion is based, is against the mischief of a dormant lien, and that it ought not to be allowed to prevail so as to either defeat or delay junior executions, or deprive a defendant in execution of the benefit of his injunction, by making it necessary for the sheriff to sell enough to pay the senior as well as the junior executions. To this reasoning formerly I yielded my assent, and now most cheerfully acquiesce in its truth. But it will be observed, that it supposes a state of facts which is not found here. The consent of the defendant in execution to abandon his injunction shews that he will be deprived of no advantage ; the sheriff, too, after he has notice of it, is not selling a dollar more of the defendant’s property than the exigency of the executions in his hands demands ; neither are the junior executions delayed a day. The reason why a junior execution may be enforced while an older is suspended ip *146 chancery by injunction, is given by Chancellor Harper in Mitchell vs. Anderson, at page 73, (1st Hill.) In speaking of the decisions on the subject of liens, he says “those decisions go upon this, that there is an older judgment or execution entitled to the money, to which the sheriff may properly pay it. That cannot apply when the sheriff is forbidden to enforce the older execution, and would be guilty of a contempt of court, if he should pay the money over to it.” The moment the party said, I abandon my injunction, and notice of it was given to the sheriff, he had the right to consider the mandate of chancery as revoked, and unquestionably he would be guilty of no contempt in making and paying over the money. The consent would save him from that. In this respect this consent is very analagous to that which was considered in Guignard vs. Glover, Harp. Law Rep. 457, where it was held that an execution not renewable generally without scifa. might be renewed without that proceeding, by the consent of the defendant. The proceeding by sci fa, it was said was for his protection alone ; if he thought it unnecessary he might waive it. So here the injunction was for the defendant’s protection; when he found it was no longer necessary he might give it up. The injunction is a process arising out of a case, but not essential to its commencement or progress, and when that is the case its discontinuance depends upon the pleasure of the party moving for and obtaining it. It is like an execution, which the party may withdraw or postpone to others at his pleasure.
But if there was any difficulty in ■ maintaining the proposition, that the consent to dissolve the injunction was a withdrawal of it, still I think, when the consent is connected with the subsequent dissolution of the injunction, that, all difficulty ceases. As soon as the injunction is dissolved it unfetters the plaintiffs, and they have the right to say, here are our executions, as to which you were informed before you made a sale of the defendant’s property, that he consented to dissolve the injunction, and the court has .assented that his consent should have effect, and have accordingly dissolved it.
*147 In that way the order of dissolution will have relation back to the moment of the consent, and from it “unfetter” the plaintiffs. I am therefore well satisfied with the decision below, and that being also the conclusion of this court, the motion is dismissed.
Richardson, Evans, Butler, Wardlaw and Frost, JJ. concurred.